**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**

**IN RE:**
    **JOHN PAUL ERWIN**                       **CASE NO. 13-50154-SCS**
    **DEBORAH ERWIN**
        **DEBTORS.**              **CHAPTER 13**

---

    **MICHAEL P. COTTER,**
        **CH. 13 TRUSTEE,**
        **MOVANT**

**v.**

    **REBECCA C. LAWRENCE,**
        **COUNSEL FOR DEBTORS**
        **RESPONDENT.**

**RESPONSE TO MOTION FOR SANCTIONS**

COMES NOW, Rebecca C. Lawrence, Counsel for the Debtors and the Respondent herein (hereafter "Lawrence"), by counsel, and for her response to the Chapter 13 Trustee's ("Trustee") Motion for Sanctions states as follows:

1. Lawrence is a 2014 graduate of Regent Law School who was admitted to practice in Virginia in April 2015. She was admitted to the Bar of this Court on June 23, 2015.

2. Lawrence began her practice of law at Wilson & Wilson, PC on May 6, 2015. Her practice consists of primarily family law cases such as divorce and custody cases with a significant portion of those cases being appointed as a Guardian ad

Thomas B. Dickenson, VSB No.: 26744
Counsel for Rebecca C. Lawrence
1170 Lexan Avenue, Ste 203
Norfolk, VA 23508
757-489-1300

         Litem for children. The remainder of her practice consists of criminal law, bankruptcy, and civil litigation.

3. Lawrence is counsel in this case, having taken over responsibility for the case after two previous attorneys in her firm ceased actively practicing before this Court. The case was initiated on February 6, 2013 by Ryan Marion, an associate attorney for Wilson & Wilson, PC. Subsequently, on August 12, 2015, Christie Wilson DeLacey, owner of Wilson & Wilson, PC was substituted in to this case as counsel for the debtors. Upon Christie Wilson DeLacey's retirement, Lawrence who was then an associate attorney with the firm substituted into the case as counsel for the debtors on December 21, 2016.

4. The male Debtor, John Erwin, and Lawrence met and corresponded a number of times prior to her ultimate substitution into this case as well as after substitution. However, due to various scheduling requirements, Lawrence's meetings were only with John Erwin and not with Deborah Erwin.

5. The debtors' confirmed plan was paid to 100% completion a year early due to lower-than-expected claims being filed. At this point the auto-debit from the debtors' bank accounts for plan payments ceased.

6. Upon the filing of the Trustee's Notice of Final Cure Payment, however, it became apparent that there was a post-petition delinquency on the debtors' mortgage payments that would serve as a bar to discharge.

7. Lawrence negotiated with the Trustee and the mortgage lender which resulted in an agreement to allow the post-petition mortgage arrearage to be paid through a

Thomas B. Dickenson, VSB No.: 26744
Counsel for Rebecca C. Lawrence
1170 Lexan Avenue, Ste 203
Norfolk, VA 23508
757-489-1300

new plan to be submitted by Lawrence on behalf of the debtors. The debtors were involved in these conversations.

8. Mr. Erwin advised Lawrence that the Trustee's office was no longer auto-debiting his plan payments and of a belief that the Trustee's office would no longer accept a plan payment whatsoever. Lawrence advised debtor to continue to attempt to make the payments through alternative means, such as mail, to the Trustee but if all else failed that the payments should be held in an account to be paid to the Trustee immediately upon the confirmation of the plan and the office's renewed acceptance of payments.

9. On March 2, 2017 Lawrence filed a modified plan on behalf of the debtors which was fully endorsed by the debtors.

10. The Trustee objected to this Plan and on March 27, 2017 Lawrence filed a further modified plan on behalf of the debtors which again was fully endorsed by the debtors.

11. The Trustee objected to this modified Plan and Lawrence endorsed an order which was entered on May 31, 2017 sustaining the Trustee's objection. The order required an amended plan to be filed by June 12, 2017.

12. In the interim, the Trustee filed a Motion to Dismiss due to the debtors' failure to make plan payments.

13. Lawrence reached out, via her office staff, to debtor John Erwin to determine the issue about the plan payments and funding in response to the Trustee's motion.

14. Lawrence was advised, by her office staff, that debtor John Erwin believed

Thomas B. Dickenson, VSB No.: 26744
Counsel for Rebecca C. Lawrence
1170 Lexan Avenue, Ste 203
Norfolk, VA 23508
757-489-1300

Lawrence had advised him that he did not need to make the plan payments. Due to the nature and importance of this misunderstanding related to the plan payments, and due to the inherent problems with relying on third-party communications, Lawrence called debtor John Erwin immediately and personally, but was unable to speak directly with him about the problem.

15. Due to the gravity of the misunderstanding, and the need for a modified plan, Lawrence requested that her staff arrange an in-person meeting between herself and both debtors so all parties could have a complete meeting of the minds.

16. The debtors were aware of the need for a modified plan to allow for the payment of the mortgage arrears, and at all times wished for Lawrence to take the steps necessary to allow their case to reach a successful conclusion.

17. After a number of back and forth communications, Lawrence was finally able to schedule an appointment with both of the debtors. Unfortunately, the debtors had to cancel on two occasions.

18. After the second cancellation, Lawrence was concerned that the case might be dismissed if the debtors did not file the required modified plan,

19. Lawrence researched to see if there was a way to file the Modified Plan without the debtors' signature. Lawrence reviewed the Federal Rules of Bankruptcy Procedure, specifically Rule 9011 and 1008 as well as Local Bankruptcy Rule 3015-2 and based on her reading of the same, mistakenly believed she could submit the plan on her clients' behalf.

20. Lawrence did not note that the local rules require a Chapter 13 plan to be on the

        form prescribed by the local rules – a form which requires the debtors' signatures.

21. Believing that she was acting within the scope of the rules, Lawrence thought she was endorsing the Modified Plan on behalf of her clients and submitted it to the Court via the ECF System.

22. Had she simply omitted the debtors' signatures, the Plan might well have been rejected by the Court, but, in attempting to endorse the Plan on her clients' behalf, she used the "/s/", which is a certification to the Court that the actual "wet-ink" signature exists and is being maintained by the individual submitting the document pursuant to the Rules.

23. Lawrence thought, incorrectly, that she had acted within the scope of the Rules and the ECF procedures.

24. Lawrence became aware of the violation of an Electronic Case Filing rules when the same was brought to her attention by the Trustee.

25. Upon the violation being brought to her attention, Lawrence discovered the scope and the gravity of her error and how her error affects the integrity of the system.

26. This was an error, not an intentional attempt to skirt the rules.

27. Lawrence recognizes that any miscommunications or other errors connected with this case ultimately fall squarely on her shoulders.

28. Lawrence has re-read the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and the Electronic Case Filing Rules in their entirety and will do so again.

29. Lawrence has been diligent, honest, and forthcoming with the Trustee since his

Thomas B. Dickenson, VSB No.: 26744
Counsel for Rebecca C. Lawrence
1170 Lexan Avenue, Ste 203
Norfolk, VA 23508
757-489-1300

initial inquiries into the matter.

30. After-the-fact, Lawrence has secured the debtors' signatures on the June 12, 2017 Modified Plan. She recognizes that this is too-little / too-late for her to be in compliance with the rules.

31. The debtors also signed and Lawrence then, on July 7, 2017, filed a further-modified plan which was confirmed on or about August 31, 2017. This plan is currently being paid on by the debtors.

32. No financial harm has come to the debtors or to any creditors in this case.

33. Lawrence remains as counsel for the debtors in this case and will see it through to the end if she is so permitted.

34. Lawrence acknowledges her error and is truly remorseful. She had only the true interests of the debtors in mind and thought that she was acting within the scope of the rules. She was attempting, unsuccessfully, to be in compliance with the Court's orders and rules.

35. This single isolated instance is the <u>only</u> time that Lawrence has ever submitted a document to the Court without first obtaining, if required, a live, wet-ink signature from a client and retaining it pursuant to the Court's Rules.

36. Lawrence has asked the Office of the United States Trustee to perform an audit of her office and her files to confirm that other than this instance she is in compliance with the Rules.

37. The Trustee suggests that there has been a violation of Section 1.4 (a) of the Virginia Rules of Professional Conduct – keeping a client reasonably informed

    about the status of a matter. Lawrence did not fail to keep the Erwins aware of the status of the case as they were aware of the need of a modified plan and that there was a new issue related to their plan payments.

38. Lawrence has a bright future before this Court, and is trying to "get it right." This is not a repeated violation, nor is it indicative of a pattern of performance that should give the Court pause.

39. A suspension by this court will not serve any purpose that might not be obtained by the imposition of a lesser sanction. In fact, as the Court is aware, a suspension by this Court will be necessarily followed by a Complaint Proceeding with the Virginia State Bar.

40. Lawrence is willing to take such courses, training, and education the Court may designate, including re-taking the Court's ECF training, a course on law practice management, and any others suggested or required by the Court to satisfy any concerns held by the Court and/or the Trustee.

41. Lawrence is the only bankruptcy attorney in her firm and as such has sought outside counsel, not only to represent her in this matter, but also to form a mentorship relationship for the purposes of avoiding future mistakes. Undersigned counsel has agreed to serve in that capacity.

WHEREFORE, Lawrence, by counsel, respectfully requests that the Court craft an appropriate sanction as suggested by the evidence adduced before the Court and that she be permitted to continue her practice before this Court without suspension.

Thomas B. Dickenson, VSB No.: 26744
Counsel for Rebecca C. Lawrence
1170 Lexan Avenue, Ste 203
Norfolk, VA 23508
757-489-1300

                                          Respectfully Submitted,

                                          **REBECCA C. LAWRENCE**

                                          By: __/s/ Thomas B. Dickenson____
                                                Counsel for Rebecca C. Lawrence

### **CERTIFICATE OF SERVICE**

     I hereby certify that on the 1st day of September 2017, a true and accurate copy of the foregoing <u>Response</u> was served by First-Class U.S. Mail on John P. Erwin and Deborah M. Erwin at 111 Oak Ridge Ct., Williamsburg, VA 23188 and the Office of the United States Trustee and via the Court's ECF system on Michael P. Cotter, Trustee.

                                                          _/s/ Thomas B. Dickenson
                                                           Thomas B. Dickenson

Thomas B. Dickenson, VSB No.: 26744
Counsel for Rebecca C. Lawrence
1170 Lexan Avenue, Ste 203
Norfolk, VA 23508
757-489-1300